SULLIVAN, Senior Judge
(concurring in part and in the result):
I have continued fear about admission of the testimony of very young children under the medical exception to the hearsay rule under Mil.R.Evid. 803(4). In United States v. Kelley, 45 MJ 275, 282 (1996), I stated in a separate opinion:
Moreover, let me express my growing uneasiness with the continuous expansion of and reliance upon the medical exception to the hearsay rule. Mil.R.Evid. 803(4). Here, a 6-year-old child’s statements to a family counselor are taken as proof of a crime under Fed. and Mil.R.Evid. 803(4). Every day in America, countless statements are given in emergency rooms and medical offices by children, young adults, middle-aged, and elderly patients to doctors of medicine and their assistants. Are all these statements true? Are all these statements admissible in court as the sole proof of a crime? I and my fellow judges should wonder about this and perhaps tighten application of this rule. I suspect that many statements given under the current breadth of the medical-exception umbrella, if closely scrutinized, may not be the complete truth. Motives should be thoroughly examined at the trial level before such statements are allowed as evidence in court.
On this basis, with regard to the statements of the three-year-old sister, R.H., I adopt the excellent opinion of my brother judge, Judge Effron. Nevertheless, like my brother, I come to the conclusion that the erroneous admission of R.H.’s testimony was harmless in light of the overwhelming evidence of appellant’s guilt.